UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VON MAURICE SUPER,

    *Plaintiff*,

v.

CONVERGENT OUTSOURCING, INC.,

    *Defendant*.

Civil Action No. 22-1274 (BAH)

Chief Judge Beryl A. Howell

### MEMORANDUM OPINION

Proceeding *pro se*, plaintiff Von Maurice Super sued Convergent Outsourcing, Inc., a debt collector, for actions they took to collect on an alleged debt that he owed to a third-party entity, alleging violations of his "natural right to privacy," violations of the Fair Credit Reporting Act ("FCRA"), *see generally* 15 U.S.C. § 1681 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), *see generally* 15 U.S.C. § 1692 *et seq.*, and other federal statutes. After answering plaintiff's Amended Complaint, defendant moved for judgment on the pleadings, pursuant to Federal Rule of Procedure 12(c). For the reasons outlined below, defendant's motion is granted, and the Amended Complaint is dismissed without prejudice.

**I.    BACKGROUND**

Plaintiff filed his complaint in the Superior Court of the District of Columbia on March 23, 2022, alleging that defendant "committed aggravated identity theft" and "violated numerous consumer rights, [and] [his] privacy." Statement of Claim at 2, ECF No. 1–2. In the section entitled "Request for Relief," plaintiff listed the following: "[d]eletion of negative account[,] [c]ease collection of debt[,] compensation for FCRA violations[,] & court cost." *Id.* On the page entitled "Notice," plaintiff requested judgment in the amount of $9,000. *Id.* at 4. Defendant timely removed the case to federal court on May 9, 2022. *See* Not. of Removal, ECF No. 1.

1

Plaintiff later filed his Amended Complaint, on August 29, 2022, in which he alleges that defendant "furnish[ed] inaccurate and misleading information of an alleged debt to credit reporting agencies . . . without permissible purpose and written consent from [him], and without providing [him] the opportunity to opt out of reporting [his] personal financial matters to additional unattended third parties." Am. Compl. at 6, ECF No. 12.  Specifically, defendant reported to Experian and Equifax—two leading credit reporting agencies—that plaintiff "owed an amount of $1,213." Id. at 7.  Plaintiff subsequently sent defendant "a cease-and-desist letter informing [it] the alleged debt is in dispute and demanding defendant to cease any and all forms of communication with [him] and all mediums." Id.  Despite his request, defendant "continued to communicate with Experian and Equifax about the alleged debt . . . until July 2022," purportedly in violation of 15 U.S.C. § 1681n and an invasion of his privacy. Id. at 7–8.  In his Amended Complaint's cover sheet, plaintiff notes that defendant has also violated 15 U.S.C. § 1692, 15 U.S.C. § 1028A, and 15 U.S.C. § 6803. Id. at 4.

After defendant's communications with Experian and Equifax, plaintiff "filed a complaint with the Consumer Finance Protection Bureau" requesting "proof of any documentation showing probable evidence that [he] ha[s] obligation to the" account with defendant. Id. at 6–7.  According to plaintiff's factual allegations set out in the Amended Complaint, defendant responded to his complaint, explaining that on February 25, 2022, it "mailed [him] documents from Sprint, validating the balance that [Sprint] state[s] is owed." Id. at 7.[1]  Defendant also explained that it would "mail [plaintiff] another copy of the documents obtained from Sprint," validating the balance that they state is owed. Apparently, defendant mailed plaintiff the promised documents, but plaintiff alleges that "[t]he document that was received was three billing statements, which does not prove [his] indebtedness to [defendant] under" the account at issue. Id.  Plaintiff further

---

[1]   Although plaintiff never explains who or what "Sprint" is, plaintiff's discussion of Sprint in his Amended Complaint suggests that it is the debt holder, while defendant is the debt collector.  See Am. Compl. at 6–7.

alleges, in support, that "defendant has not provided any double entry bookkeeping accounting ledger kept according to generally accepted accounting principles (GAAP)[,] [so] defendant can no longer assume that their alleged debt is valid." *Id.*

Plaintiff alleges other violations of the FDCPA in his Amended Complaint. First, he claims that because "defendant has sent several document[s] claiming that [he] owe[s] a debt[,]" defendant is in violation of 15 U.S.C. § 1692b(2). *Id.* Second, he says defendant engaged in "willful negligence" and caused "emotional distress and financial harm by furnishing the alleged debt on [his] credit file," purportedly in violation of 15 U.S.C. § 1692j. *Id.* In his prayer for relief, plaintiff seeks damages and various types of injunctive relief. *Id.*

As already noted, defendant answered the Amended Complaint, *see* Answer to Am. Compl., ECF No. 21, and thereafter filed the pending motion for judgment on the pleadings, pursuant to Rule 12(c), along with an accompanying memorandum of law in support. *See* Def.'s Mot. for J. on Plead. ("Def.'s Mot."), ECF No. 22; Def.'s Mem. In Supp. of Mot. for J. on Plead. ("Def.'s Mem."), ECF No. 22-1. The parties completed their briefing on November 9, 2022, see Def.'s Me. In Further Supp. Def.'s Mot. For J. on Pleadings ("Def's Reply"), ECF No. 24, so the motion is now ripe for resolution.

## II.     LEGAL STANDARD

Rule 12(c) allows for judgment on the pleadings after responsive pleadings have been filed but prior to trial. The standard for a motion for judgment under Rule 12(c) is essentially the same standard as a motion to dismiss under Rule 12(b)(6). *See Schuchart v. La Taberna Del Alabardero, Inc.*, 365 F.3d 33, 35 (D.C.Cir. 2004); *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987), *abrogated on other grounds by Hartman v. Moore*, 547 U.S. 250 (2006); *Baumann v. District of Columbia*, 744 F. Supp. 2d 216, 221 (D.D.C. 2010); *Sanders v. District of Columbia*, 601 F.Supp.2d 97, 99 (D.D.C.2009) ("The standard of review for motions for judgment on the

pleadings under Rule 12(c) of the Federal Rules is essentially the same as that for motions to dismiss under Rule 12(b)(6)."). That is, the court must accept as true the non-movant's "well-pleaded allegations to the extent that 'they plausibly give rise to an entitlement to relief.'" *See, e.g., McNamara v. Picken*, 866 F. Supp. 2d 10, 14 (D.D.C. 2008) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)); *Bowman v. District of Columbia*, 562 F. Supp. 2d 30, 32 (D.D.C. 2008). Legal conclusions, however, need not be accepted as true. *McNamara*, 866 F. Supp. 2d at 14. "Because a Rule 12(c) motion would summarily extinguish litigation at the threshold and foreclose the opportunity for discovery and factual presentation, the Court must treat [the defendant's] motion with the greatest of care and deny it if there are allegations in the complaint which, if proved, would provide a basis for recovery." *Baumann*, 744 F.Supp.2d at 221 (quotations omitted) (citing *Haynesworth*, 820 F.2d at 1254).

Although *pro se* complaints are liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers,'" with entitlement "to all favorable inferences that may be drawn from his or her allegations, a *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court." *Nicastro v. Clinton*, 882 F. Supp. 1128, 1129 (D.D.C. 1995) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (citation omitted), *aff'd*, 84 F.3d 1446 (D.C. Cir. 1996) (per curiam).

**III.   DISCUSSION**

Liberally construed, the Amended Complaint is understood to make the following claims. First, plaintiff says that defendant violated 18 U.S.C. § 1028A and 15 U.S.C. § 6803, presumably in connection with his claim that defendant violated his "natural right to privacy." Pl.'s Opp'n to Def.'s Mot. for J. on the Pleadings ("Pl.'s Opp'n") at 6–7, ECF No. 23. Second, plaintiff claims that, when defendant reported plaintiff's alleged debt to Experian and Equifax, it violated the FCRA, which makes illegal several practices related to credit reporting of consumer accounts.

Am. Compl. at 6; Pl.'s Opp'n at 8–10. Finally, plaintiff alleges defendant violated the following sections under the FDCPA: 15 U.S.C. § 1692b(2) for its communications with plaintiff; and 15 U.S.C. § 1692j for sending the debt to third parties, namely Experian and Equifax. Pl.'s Opp'n at 10–11; Am. Compl. at 7.

Defendant contends that plaintiff's entire Amended Complaint should be dismissed. For starters, it argues that 18 U.S.C. § 1028A and 15 U.S.C. § 6803 do not have private rights of action, so plaintiff cannot raise claims under either of these laws. Def.'s Mem. at 4. With respect to plaintiff's FCRA claim, defendant says that (1) plaintiff never alleges that defendant willfully or negligently pulled his credit report, so he cannot state a claim under § 1681n(a); and (2) defendant had no duty to verify plaintiff's debt prior to reporting the debt to the credit agencies and, in any event, the FCRA lacks a private cause of action to enforce this provision. *Id.* at 4–5. Finally, defendant argues that plaintiff's FDCPA claims fail because (1) defendant did not contact a person other than plaintiff in connection with collecting his debt and thus could not have violated § 1692b(2); and (2) a § 1692j violation could not have occurred here because the defendant is not the creditor.[2] *Id.* at 6–7. For the reasons outlined below, defendant is right on all counts.

### A. Plaintiff's Claims Under § 1028A and § 6803.

First things first—plaintiff cannot state a claim under section 1028A and section 6803 because he has not demonstrated that either statute has a private right of action. Section 1028A is the federal criminal statute penalizing aggravated identity theft. *See* 18 U.S.C. § 1028A(a)(1) ("Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly

---

[2] In opposition, plaintiff also alleges that defendant is misrepresenting itself as Sprint to collect for itself a debt, which is actually owed to Sprint, attaching a document of what purports to be an image of his "credit file" in support and alleging that defendant violated section 1692e(14) in the process. The snippet of plaintiff's credit file is, however, new factual matter that was not included in the Amended Complaint, and nowhere in the Amended Complaint did plaintiff allege a violation of section 1692e(14). Although plaintiff is proceeding *pro se*, he is still not allowed to "amend [his] complaint[] through [a] brief[] in opposition to [a] motion[] to dismiss." *Woytowicz v. George Washington Univ.*, 327 F. Supp. 3d 105, 119 n.4 (D.D.C. 2018); *see also Coll. Sports Council v. GAO*, 421 F. Supp.2d 59, 71 n. 16 (D.D.C.2006) ("[T]he Court does not, and cannot, consider claims first raised in the plaintiff's opposition."). Consequently, that argument is not considered.

5

transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years."). As a general matter, federal criminal statutes do not furnish private plaintiffs with a private right of action and may only be enforced through a prosecution by the United States. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) ("[T]his Court has rarely implied a private right of action under a criminal statute[.]"); *Keyter v. Bush*, No. 04–5324, 2005 WL 375623, at *1 (D.C. Cir. Feb 16, 2005) (per curiam) (affirming dismissal of claims "pursuant to 18 U.S.C. §§ 4, 241, and 242, because, as criminal statutes, these statutes do not convey a private right of action"), *cert. denied*, 546 U.S. 875 (2005); *see also Rockefeller v. U.S. Ct. of App. Office for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (dismissing claims brought pursuant to 18 U.S.C. §§ 242, 371 "because, as criminal statutes, they do not convey a private right of action"); *Gasaway v. Obama*, No. CIV.A. 10-1979, 2010 WL 4793602, at *1 (D.D.C. Nov. 18, 2010) (rejecting *pro se* plaintiff's assertion that 18 U.S.C. §§ 241, 242—both criminal statutes—furnish a right to private action).

By contrast, plaintiff's section 6803 claim is predicated on a civil statute, *see* 15 U.S.C. § 6803(a) (explaining various disclosure requirements that "financial institution[s]" must follow when "disclosing nonpublic personal information"), but that statute, too, does not specifically confer a private right of action against a "financial institution" for failing to follow the requirements outlined in section 6803(a). "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Nowhere in opposition does plaintiff explain how section 6803 implicitly provides private plaintiffs with a right of action. Instead, plaintiff "left that [question] open to the court's interpretation," Pl.'s Opp'n at 6, but plaintiff bears the burden of presenting sufficient legal basis to answer that question in his favor. *See Johnson v. Cap. One Bank (USA) N.A.,* No. 22-CV-363

6

(DLF), 2022 WL 1091226, at *1 (D.D.C. Apr. 12, 2022) (holding that a *pro se* plaintiff failed to state a claim under 15 U.S.C. § 6801–03 because he did "not identify applicable causes of action" in that statute). Indeed, a sister statute of 15 U.S.C. § 6803, in 15 U.S.C. § 6805, entitled "Enforcement," provides that only governmental entitles may enforce that section. 15 U.S.C. § 6805(a) ("[T]his subchapter and the regulations prescribed thereunder shall be enforced by the Bureau of Consumer Financial Protection, the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission with respect to financial institutions and other persons subject to their jurisdiction under applicable law, as follows . . . .").[3] Plaintiff is not one of the enumerated entities authorized to enforce § 6803.

Accordingly, plaintiff cannot state a claim under either section 1028A or section 6803.

### B. Plaintiff's § 1681n Claim.

Next up is plaintiff's § 1681n claim, which he cannot sustain either. For one thing, plaintiff does not fall into the category of those who can bring a claim under the FCRA. The FCRA imposes civil liability on any person who willfully or negligently fails to comply with any of the statute's requirements. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act). "The [FCRA], however, expressly excludes Section 1681s–2(a) from the purview of Sections 1681n and 1681o, instead limiting enforcement of Subsection (a) exclusively to the federal and state agencies and officials identified in Section 1681s." *Mazza v. Verizon Washington DC, Inc.*, 852 F. Supp. 2d 28, 34 (D.D.C. 2012); *see also Haynes v. Navy Fed. Cred. Union*, 825 F.Supp.2d 285, 294–95 (D.D.C. 2011). Even if plaintiff could sustain such a claim, the FCRA, among other things, imposes civil liability only on those "who willfully or negligently

---

[3] In opposition, plaintiff cites to various cases regarding the common law claim for invasion of privacy, *see* Pl.'s Opp'n at 6–7, supposedly suggesting that he can sustain a claim under D.C. common law. Plaintiff's argument goes nowhere, however, because he does not explain the elements of such a common law claim, nor how, based on the facts alleged in his Amended Complaint, how he can plead such a claim.

obtain[] a consumer credit report for a purpose that is not authorized" by the statute. *Betz v. Jefferson Cap. Sys., LLC*, 68 F. Supp. 3d 130, 133 (D.D.C. 2014) (citing 15 U.S.C. 1681n(a)). Plaintiff has not alleged any facts to suggest that defendant pulled his credit report, or that it acted willfully or negligently for a purpose that the FCRA does not authorize. Plaintiff's § 1681n claim must be dismissed.

### C. Plaintiff's FDCPA Claims.

Like his FCRA claim, plaintiff's FCPA claims under section 1692b(2) and section 1692j cannot get past first base. For one thing, his section 1692b(2) claim fails because plaintiff does not allege in his Amended Complaint that defendant communicated with "any person *other* than the consumer for the purpose of acquiring location information about the consumer . . . [.]" *See* 15 U.S.C. § 1692b(2) (emphasis added). Plaintiff's allegations focus on what the defendant communicated with him, not what it communicated to anyone else, so his claim under that section fails.

Plaintiff's section 1692j claim also fails to satisfy the essential statutory prerequisites. That section makes it unlawful to:

> design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

15 U.S.C. § 1692j. Said differently, section 1692j makes it unlawful to deceive a debtor into thinking that someone else *other than the creditor* was participating in collection of the debt. *See id.*; *see also Francheschi v. Mautner-Glick Corp.*, 22 F. Supp. 2d 250, 256 (S.D.N.Y. 1998) (explaining that a plaintiff fails to state a claim under section 1692j when "the complaint itself recognizes that [the debt collector] was participating in the collecting of the debt"). For example,

8

it proscribes a creditor from pretending to be a debt collector when attempting to collect a debt from a debtor.  *See Francheschi*, 22 F. Supp. 2d at 256.

Plaintiff has not shown that he received any form or document from defendant that would "create the false belief" that defendant was pretending to be a debt collector.  Indeed, his allegations indicate that defendant is not the entity owed the debt but is instead the debt collector.  *See* Am. Compl. at 7 (indicating that defendant sent plaintiff "documents obtained from Sprint, validating the balance that they state is owed").

## IV. CONCLUSION

For the above reasons, plaintiff's Amended Complaint is dismissed without prejudice.  An order consistent with this Memorandum Opinion will be filed contemporaneously.


Date: November 11, 2022

_____
BERYL A. HOWELL
Chief Judge
